UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHER BRONSTIN,

                          Plaintiff,

           -against-

AMRK ENTERPRISES INC., et al.,

                      Defendants.

1:25-CV-9320 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By Order dated and entered on November 18, 2025, the Court directed Plaintiff, who appears *pro se*, within 30 days, to either pay the $405.00 in fees to bring this civil action or submit a completed and signed *in forma pauperis* ("IFP") application. (ECF 9.) Plaintiff has not complied with that Order. On December 22, 2025, however, Plaintiff filed a "Stipulation of Dismissal Without Prejudice" ("stipulation"), pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, that he and a person named Adam Gonnelli signed. (ECF 10.) That submission describes Gonnelli as an attorney for an unspecified defendant (*see id.*), yet there are multiple identified and unidentified defendants named in this action. Plaintiff seems to seek dismissal of this action without a court order, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, which permits the plaintiff to dismiss his civil action without a court order by filing "a stipulation of dismissal signed *by all parties who have appeared*." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). Here, none of the defendants have appeared.[1] Thus, Plaintiff's stipulation is improperly filed.

---

[1] The Clerk of Court has issued no summonses. Thus, Plaintiff could not have had served any of the identified defendants with a summons and the complaint, and none of the identified defendants could, therefore, have appeared in response to being served.

In light of Plaintiff's *pro se* status, however, the Court construes Plaintiff's stipulation as a request to dismiss this action without prejudice by court order, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court grants Plaintiff's request.

The Court dismisses this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court therefore denies Plaintiff's motion for electronic case filing. (ECF 3.) The Court directs the Clerk of Court to terminate all pending motions and to close this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 6, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

2